FILED

2009 May-22  PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JEROME EARL WALLACE | ) | |
| | ) | |
| vs. | ) | Case No.  5:08-cv-08040-RDP-HGD |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

## O R D E R

On March 13, 2009, the magistrate judge's report and recommendation was entered and the parties were allowed therein eleven days in which to file objections to the recommendations made by the magistrate judge.  After obtaining an extension of time, Petitioner filed objections to the magistrate judge's report and recommendation on April 8, 2009.

Petitioner's only argument raised in his objections to the report and recommendation is that his attorney was ineffective because he failed to move for dismissal of the indictment for failure to comply with the Speedy Trial Act ("the Act").  18 U.S.C. § 3161.  As the magistrate judge has indicated, that argument is off the mark.  In his calculation, Petitioner has failed to take account of certain excludable days (*e.g.*, the date of his indictment and the days on which certain pretrial motions were pending related to his co-defendants).[1]

---

[1]Moreover, even if Petitioner had not gone to trial on day 69 (and, in fact, he did), the Act allows for "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant

After careful consideration of the record in this case, the magistrate judge's report and recommendation and Petitioner's objections thereto, the court hereby **ADOPTS** the report of the magistrate judge.  The court further **ACCEPTS** the recommendations of the magistrate judge and it is therefore

---

as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7).  "In a case involving multiple defendants, the seventy-day time limit begins to run when the last co-defendant is indicted or arraigned." *U.S. v. Schlei*, 122 F.3d 944, 985 (11th Cir. 1997), *citing* 18 U.S.C. § 3161(h)(7).  Thus, under that code section, Petitioner's speedy trial start date was pushed back.  This was the case because in Petitioner's criminal case, (1) a superceding indictment was returned and shortly thereafter one of his co-defendants, Joshua Dalton Speakman, was arraigned before Petitioner's trial setting of October 5, 2006, and (2) neither Speakman nor Petitioner moved for a severance after the filing of the superceding indictment.  Therefore, pursuant to § 3161(h)(7), Plaintiff's speedy trial clock did not actually begin to run until Defendant Speakman appeared.

To be sure, the magistrate judge correctly noted that there was compliance with Petitioner's speedy trial rights even in the absence of the application of § 3161(h)(7).  But even if the magistrate judge erred in his speedy trial calculations (and he did not), § 3161(h)(7) operates to provide an alternative basis for determining that Plaintiff went to trial within the Act's 70 day time period.

Even more importantly, the court expressly finds that counsel was not ineffective in not filing a motion to dismiss based on a Speedy Trial Act violation.  In light of the confusion created by the number of defendants and the plethora of pretrial motions filed, the court cannot say that even if there was some slight delay in the trial of this case (and again there was not), Petitioner's counsel's performance was deficient in failing to raise that issue.

Finally, even if it could be determined that Petitioner's speedy trial time period expired and his counsel inadvertently failed to move for dismissal, the court finds (again alternatively) that Petitioner would still not be entitled to the relief sought here because he cannot show prejudice under the *Strickland* standard.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Even if a meritorious motion to dismiss had been filed and granted, Petitioner would have been subject to re-indictment and tried before a jury after being indicted again.  The court does not raise this point to suggest that Petitioner was denied his speedy trial rights.  Rather, the court simply notes that Petitioner has failed to make the required showing under *Strickland*, and that is an alternative basis for its ruling on his petition.

**ORDERED**, **ADJUDGED** and **DECREED** that the Motion to Vacate, Set

Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255, is due to be and is

hereby **DENIED** and this action **DISMISSED**.  Petitioner's motion for summary

judgment is also **DENIED**.

**DONE** and **ORDERED** this _____22nd_____ day of May, 2009.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE